J-S09023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.D.G., JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| K.W. | : | No. 1768 MDA 2017 |

Appeal from the Order Entered October 12, 2017
In the Court of Common Pleas of Lycoming County Civil Division at
No(s):  16-21, 649

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED APRIL 20, 2018**

M.D.G., Jr. ("Father") appeals *pro se* from the October 12, 2017 order awarding primary physical custody of his son, M.D.G., III ("Child"), born in August 2013, to K.W. ("Mother"). Because we conclude the trial court did not abuse its discretion in awarding primary physical custody to Mother and partial physical custody to Father, we affirm.

Mother and Father lived together in Harrisburg, Dauphin County, at the time of Child's birth. In May 2014, Mother moved to Williamsport, Lycoming County, in an effort to find work that would allow her to care for Child full-time. Father moved to Williamsport in August 2015, and resumed living with Mother. However, Mother and Father separated in May 2016. They failed to reconcile their differences, and ended their relationship in September 2016.

_____

* Retired Senior Judge assigned to the Superior Court.

On December 23, 2016, Father filed a Complaint for Custody, in which he alleged that Mother was preventing him from spending time with Child. The parties appeared for a custody conference before a hearing officer on February 3, 2017. On February 7, 2017, the trial court approved the hearing officer's recommendations, and entered an interim order awarding Mother primary physical custody and Father partial physical custody. The order awarded partial physical custody to Father: every other weekend from 4:00 p.m. on Friday until 7:00 p.m. on Sunday; on the Thursday following Father's custodial weekends, from 4:00 p.m. on Thursday until 7:00 p.m on Friday; and on the Sunday following Mother's custodial weekend, from 8:00 p.m. on Sunday until 7:00 p.m. on Monday. Order, filed 2/7/17, at 2. The order awarded the parties shared legal custody.

The trial court conducted a custody hearing on October 3, 2017, and October 12, 2017. Relevant to this appeal, the parties testified regarding their work schedules. Father works one full-time job. N.T. Hearing, 10/3/17, at 28. He works most weekdays from 6:00 a.m. to 2:30 p.m., and every other weekend from 11 a.m. to 7 p.m. *Id.* at 28. When Father works weekends, he has the preceding Friday and following Monday off. *Id.* at 30. Mother works three part-time jobs. She works at a childcare center on Tuesdays and Thursdays from 8:00 a.m. to noon, and on Fridays from 9:30 a.m. to 11:30 a.m. *Id.* at 198. Mother also works as a private nanny approximately four nights every other week from after school until 11:15 p.m. *Id.* at 111-13. Mother brings Child with her to her job at the childcare center and to her job

as a nanny. *Id.* Finally, Mother works at a pizza shop on the days that she does not have custody of Child. *Id.* at 115.

Mother testified that Child falls asleep at the home where she nannies, and he does not wake up when she transports him back to her home at 11:15 p.m. *Id.* at 127-29. She testified that modifying the custody schedule would be detrimental to Child, because he has developed a close relationship with her employer's children. *Id.* 130-32.

The trial court set forth its findings of fact on the record at the conclusion of the custody hearing and discussed each of the statutory custody factors. 23 Pa.C.S.A. § 5328(a). The court spoke positively about both parents, but emphasized Mother's history as Child's primary caregiver and that she encouraged Child's relationship with Father. N.T. Findings of Fact, 10/12/17, at 4-6. After discussing the factors, the court concluded that it would be in Child's best interest to maintain the parents' existing child custody schedule, with a slight increase in Father's partial physical custody time. *Id.* at 9. The trial court found that Child's schedule "is a bit unorthodox with the way mom works, the way he goes back and forth with dad leaving so early in the mornings, but this child has done this for years and has adjusted to it." *Id.* at 7. The court explained, "[b]ased upon your schedules and the way that your lives work at this point I do think what is best for [Child] is to generally maintain the current schedule." *Id.* at 9.

At the conclusion of the hearing, the court entered a final custody order, which slightly increased Father's partial physical custody time by awarding

him one additional evening per week from 4:00 p.m. until 8:00 p.m. on a day of the parents' choosing.

Father filed a *pro se* Motion for Reconsideration on October 20, 2017, which the court denied on October 25, 2017. On November 13, 2017, Father filed a timely *pro se*[1] Notice of Appeal,[2] along with a Concise Statement of Errors Complained on Appeal.

Father now raises the following issues for our review.

> 1) Whether the [trial] court erred by failing to apply the proper standards in deciding custody petitioned for by a non-custodial parent seeking equally shared physical and legal custody[?]
>
> 2) Whether the trial court erred and/or abused its discretion when it failed to apply and/or misapplied the child custody laws by reaching a manifestly unreasonable result that is not supported by competent evidence[?]
>
> 3) Whether the trial court abused its discretion in determining custody when no factor overwhelmingly favored nor disfavored any parent[?]
>
> 4) Whether the trial court abused its discretion when determining custody based on the parent's [*sic*] schedules as recorded in testimony[?]

Father's Br. at 2.

_____

[1] Father had counsel at the time he filed his complaint for custody, and during the custody hearing.

[2] A party must file his or her notice of appeal within thirty days after the entry of the order being appealed. Pa.R.A.P. 903(a). Here, thirty days after October 12, 2017, was November 11, 2017. Because November 11, 2017, was a Saturday, Father timely filed his notice of appeal on Monday, November 13, 2017. **See** 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, . . . such day shall be omitted from the computation.").

"In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion." **V.B. v. J.E.B.**, 55 A.3d 1193, 1197 (Pa.Super. 2012) (quoting **C.R.F. v. S.E.F.**, 45 A.3d 441, 443 (Pa.Super. 2012)). This Court "must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations." **Id.** (quoting **C.R.F.**, 45 A.3d at 443). We defer to the credibility determinations of the presiding trial judge, "who viewed and assessed the witnesses first-hand." **Id.** (quoting **C.R.F.**, 45 A.3d at 443). We, however, "are not bound by the trial court's deductions or inferences from its factual findings[,]" and "[u]ltimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record." **Id.** (quoting **C.R.F.**, 45 A.3d at 443). We may reject the trial court's conclusions "only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court." **Id.** (quoting **C.R.F.**, 45 A.3d at 443).

"When a trial court orders a form of custody, the best interest of the child is paramount." **S.W.D. v. S.A.R.**, 96 A.3d 396, 400 (Pa.Super. 2014) (citation omitted). The factors that a trial court must consider when awarding custody are set forth at 23 Pa.C.S.A. § 5328(a), which provides:

> **(a) Factors.--**In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from

abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).

Although Father lists four separate issues in his statement of questions involved, his brief contains only one combined argument section. Father argues that the trial court abused its discretion by failing to award shared physical custody, noting that the Section 5328(a) factors do not "overwhelmingly favor[] or disfavor[] any one parent." Father's Br. at 4-5. In addition, Father argues that the court abused its discretion when considering the parents' work schedules. *Id.* at 5. Father contends that "there is neither evidence nor factor for child custody that suggests that it is within the child's best interest to be with the Mother while she is working rather than being with the Father, who at which time would not be working." *Id.* at 6.

We first address Father's argument that the trial court abused its discretion based on its findings pursuant to Section 5328(a). Father claims that the trial court should have awarded shared physical custody because, in his view, no factor "overwhelmingly favor[ed] or disfavor[ed]" either parent. Father's Br. at 5.

"The Custody Act requires only that the trial court articulate the reasons for its custody decision in open court or in a written opinion or order taking

into consideration the enumerated factors." ***M.J.M. v. M.L.G.***, 63 A.3d 331, 336 (Pa.Super. 2013). In a custody action, it is within the trial court's discretion based on the record before it to determine the relevant weight to give each of the Section 5328(a) factors in a particular case. ***See id.*** at 339.

Here, the trial court complied with Section 5328(a) by considering the factors, and by setting forth its findings of fact on the record at the conclusion of the custody hearing. Because the record supports the court's factual findings, we must accept them. ***V.B.***, 55 A.3d at 1197. Moreover, the court was free to decide which of the factors were most relevant to Child's best interest, and to weigh each of them as it saw fit. ***M.J.M.***, 63 A.3d at 339. Because the court reasonably determined that the record before it supported an award of primary physical custody to Mother and that the such an award would be in Child's best interest, we conclude that the court did not abuse its discretion in not awarding shared physical custody.

We next address Father's argument that the trial court abused its discretion when considering the parents' work schedules.

During the custody hearing, Father proposed that he should have primary physical custody of Child, and that Mother should have partial physical custody. Specifically, Father proposed a custody schedule that was the "mirror image" of the February 7, 2017 interim order. N.T. Hearing, 10/3/17, at 32, 78. In the alternative, Father proposed a "week on/week off" or "two/two, five/five" shared physical custody schedule. ***Id.*** at 37. Father's primary point of contention with the existing custody schedule was that Mother brings Child

with her while she works as a nanny, and then transports Child home at 11:15 p.m. *Id.* at 35-36.

We conclude that Father is not entitled to relief. Pursuant to the October 12, 2017 order, Father has custody of Child every day that he is not working, and one evening per week. Although Mother works during her periods of primary physical custody, she is able to bring Child with her to two of her three part-time jobs. Mother only works her third part-time job at the pizza shop when Child is in Father's custody. Thus, the order ensures that Child spends the maximum amount of time with his parents, and that the parents are never in need of childcare.[3] The evidence supports the court's conclusion that Child was adjusted to the schedule and that the schedule was in his best interest, and we conclude that the trial court did not abuse its discretion.

Based on the foregoing, we conclude that the trial court did not abuse its discretion by awarding primary physical custody of Child to Mother, and awarding partial physical custody of Child to Father. Therefore, we affirm the court's October 12, 2017 order.

Order affirmed.

_____

[3] In addition, Child attends preschool on Mondays, Wednesdays, and Fridays from 9:00 a.m. to 11:30 a.m.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>04/20/18</u>